## DENNIS v. BURRITT et al.

The twenty-fifth section of the Act concerning conveyances, making the record of conveyances notice, is limited by its terms, in its operation, to *subsequent* purchasers and mortgagees.

If, however, the recording act imparts notice to prior purchasers or mortgagees, it is but constructive notice, and insufficient to charge a prior mortgagee with fraud, in releasing portions of the mortgaged premises, retaining a lien on the balance, (of which part had been sold after the mortgage,) but before his releases, so as to justify a Court of Equity to set the act aside.

To constitute fraud, actual notice is necessary, or such acts in the premises as some positive statute characterizes as fraudulent.

APPEAL from the District Court of the Twelfth Judicial District.

This was a bill of foreclosure filed against S. L. Burritt, John Vogeley, and others, upon the following state of facts :

Burritt mortgaged a certain lot in the city of San Francisco, to the plaintiff, for $10,000, with interest at the rate of two and a half per cent. per month. The mortgage was recorded July 9th, 1853—the same day on which it was executed. Burritt sold a small portion of the lot to the defendant Vogeley, April 14th, 1854, and the deed was recorded on the 19th of the same month. At sundry times, from April 26th, 1854, to September 12th, 1854, the plaintiff released various portions of the mortgaged premises to Burritt, receiving on each release a portion of the mortgage debt, until it was reduced to $4,000, and all the mortgaged premises had been released, except Vogeley's lot, and another small portion, still belonging to Burritt. Vogeley had retained the same tenant on his lot who occupied it before his purchase, and the plaintiff, at the time of executing the various releases, had no actual notice of the sale to Vogeley.

The defence set up by Vogeley is, that his lot is only liable for its proportion of the mortgaged debt, distributed according to the value of the various portions of the premises originally mortgaged, and that the releases are in fraud of defendant Vogeley's rights—the plaintiff having legal notice of his purchase.

The Court below entered a decree of foreclosure against Burritt and Vogeley, but directing the amount due on the mortgage to be satisfied, first, by the sale of the unreleased portion of the land still belonging to Burritt; Vogeley's lot to be sold to make up the deficiency, if any. Vogeley appealed.

*R. R. Provines* for Appellant.

I. At the time of the making of the release by the respondent, mentioned in Vogeley's answer, the respondent had notice of Vogeley's title—first, by the record of Vogeley's deed; and, second, by the possession of his tenant. Act concerning Conveyances, Comp. Laws Cal., §§ 24, 25, p. 507 ; 1 Story's Eq., 399 ; 2 Fonblanque's Eq., B 2, ch.

6, § 3, note (m); ib., B 3, ch. 3, § 1, note (b); Smith v. Low, 1 Atk., 490; 2 Vt. R., 384; 16 Ves., 250.

II. The appellant (Vogeley) is entitled to require the respondent to resort, first, to that portion of the mortgaged premises still remaining unsold, for the satisfaction of his mortgage debt; and, if that should be insufficient to discharge it, then to that part of said premises last sold, and so on, in the inverse order of alienation; and that part of the premises purchased by Vogeley, being the first alienated, after the mortgage made, is not liable to contribute even *pro rata* to the extinguishment of the mortgage debt. Clowes v. Dickenson, 5 Johns. Ch. R., 241; Gill v. Lyon, 1 Johns. Ch. R., 447; Condon's Estate, 1 Barr, 266; Taylor's Ex'rs. v. Maris, 5 Rawle, 51; Nailer v. Stanley, 10 S. & R., 455; Goveneur v. Lynch, 2 Paige's Ch. R., 300; James v. Hubbard, 1 ib., 228; Jenkins et al. v. Fryer et al., 4 ib., 47; Patty v. Pease, 8 ib., 277; Guion et al. v. Knapp et al., 6 ib., 35; Skeel v. Spraker, 8 ib., 182; Schryer et al. v. Teller et al., 9 ib., 173; Raysay's Appeal, 2 Watts, 228; 1 Freeman, 419; 8 Smedes & Mar., 357; 2 Hill's Ch. R., 204, 213; Saxton, 413; 23 Maine, 283; 24 ib., 427; 2d Lead. Cas. in Eq., part 1st, p. 175.

III. Respondents could not, after Vogeley's purchase, and the record of his deed and occupancy of his tenant, by releasing the premises last sold, prejudice Vogeley's right to have that part of the premises last sold first applied to the satisfaction of the mortgage, or put him in a worse position than he occupied before such releases. He could not elect to discharge the other portions of the mortgaged premises, and, by his own act, place the whole burden upon the part so purchased by Vogeley. Guion et al. v. Knapp et al., 6 Paige, 35; Cheesbrough v. Millard, 1 Johns. Ch. R., 412; Aldrich v. Cooper, 8 Vesey, 388, 391; Trimmer v. Bayne, 9 ib., 209.

*Sidney V. Smith* for Respondent.

I. The record of the deed of Burritt to Vogeley was not constructive notice to respondent, at the time of the several releases by him to Burritt, of the rights of Vogeley.

Respondent's mortgage was of a date long prior to the sale to Vogeley, and when Vogeley purchased, as the mortgage was then on record, the record was constructive notice to him. It was his duty, if he wished to be protected against any act of the respondent, to give notice to respondent of his rights under the sale and deed of Burritt to him, which he never did.

Vogeley has been guilty of laches or of negligence, and now says that though true it is that he never gave the notice, yet the record of the deed to him was constructive notice of his rights.

Recording laws are not retrospective; the only effect is to give notice to subsequent purchasers and mortgagees.

Respondent was a prior mortgagee, and his act of releasing did not constitute him a subsequent mortgagee or purchaser.

Acting as he did on the faith of his mortgage, without actual notice

of Vogeley's rights, he did not, by releasing, affect or impair his mortgage in any manner. Taylor's Executors v. Mains, 5 Rawle, 51; Talmage v. Wilgers, 1 N. Y. Leg. Ob., 42; Truscott v. King, 6 Barb., 346; Stuyvesant v. Hone, 1 Saund. Ch. R., 419; Stuyvesant v. Hall, 2 Barb. Ch. R., 151.

Our conveyancing law does not differ materially from the statutes of New York or Pennsylvania, under which the foregoing decisions were made.

In Call v. Hastings, 3 Cal. R., 179, it is said that the doctrine of constructive notice has always been regarded as a harsh necessity, and the statutes which create it have always been subjected to the most rigid construction.

II. The possession of Vogeley by his tenant was only constructive notice, like that of the recorded deed to subsequent purchasers, or mortgagees or encumbrancers, and is therefore governed by the same rule.

But in addition to this, the evidence shows that the same tenant was, before the sale to Vogeley, tenant to Burritt, the mortgagor, and continued, after the sale by the latter to Vogeley, in possession of the land, having attorned to Vogeley.

It is further submitted that possession of land is no notice of any one's title but of that of the occupant, not of him under whom that occupant claims. Attorney General v. Backhouse, 17 Vesey, 293; 2 Sugden on Vendors, 538, 7 Am. ed., 1851.

III. In answer to the appellant's point, that as Vogeley was the first purchaser, he had therefore the right to require that the other property bound by respondent's mortgage should first be sold in the inverse order of alienation, and that Vogeley's should be the last resorted to, respondent admits such to be the general rule, but it is only where such mortgage is a lien on all of the property alienated.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice HEYDENFELDT concurred.

In this case, it appears from the record, that Samuel Burritt mortgaged a lot in the city of San Francisco, to secure the payment of ten thousand dollars. The mortgage was duly recorded, subsequent to which, one Vogeley purchased a portion of said lot, and took a conveyance for the same, which was also recorded; after which Dennis, at different times, released his mortgage lien on different portions of the lot, which were sold to third persons. Dennis now seeks to foreclose *his mortgage*, and subject one small lot still standing in the name of Vogeley to the payment of his mortgage.

If Dennis had actual notice of Vogeley's deed, then there is no doubt that he would be bound by it; but in the absence of notice in fact, it is urged that our statute imparts constructive notice, and that it was the intention of the Legislature to make the recordation of a deed or other instrument affecting lands, notice to all prior as well as subsequent encumbrancers.

The twenty-fifth section of the Act concerning conveyances, (Com-

piled Laws, p. 517,) provides, that "every conveyance certified and re-corded in the manner prescribed in this Act, shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof, and all subsequent purchasers and mortgagees shall be deemed to purchase with notice."

It was perfectly competent for the Legislature to have made the re-cordation of a deed, notice to encumbrancers both prior and subsequent; but can that intention be fairly inferred from the Act? We have been referred to the numerous decisions of other States, all establishing the principle that a prior encumbrancer is not bound by any subsequent rec-ord, and that the same imparts no notice whatever. It is urged in op-position, that the recording statutes of those States are not as broad as ours, and only provide that the conveyance, when recorded, shall impart notice to subsequent purchasers and mortgagees; while our statute pro-vides that the act of recording shall operate as notice to all persons. This appears to be true, so far as we have had an opportunity of examina-tion; but we are not aware, that any of these decisions have turned upon the point of the absence of general words like those contained in the twenty-fifth section of our statute. We think that the second subdi-vision limits the general words of the first part of the section, inasmuch as no penalty or consequence is declared, except as against subsequent purchasers and mortgagees, and if the construction contended for (that the recordation imparted notice to all persons,) be correct, it would be involved in this absurdity,—that such notice was only operative by the terms of the statute, as against subsequent purchasers and mortgagees. If, however, the act of recording imparts notice, independent of the con-sequence, as provided in the statute, and its effects are not limited by the terms thereof, it is at best but constructive notice, and therefore in-sufficient to charge a party with fraud necessary to set aside the Act in a Court of Equity, as the rule is well established, that it requires actual notice in fact to constitute fraud, or such acts in the premises as some positive statute characterizes as fraudulent.

This same construction was substantially adopted by us in the case of Rose v. Munie, 4 Cal. R.

Judgment affirmed.