McCabe *v.* Grey.

## McCABE *v.* GREY *et al.*

WHEN a creditor, having a debt due him secured by mortgage, assigns the debt and mortgage, a judgment in favor of a third person against the creditor purchased by the debtor after the assignment, but before notice of it to him, constitutes an offset *pro tanto* to the debt in an action upon it by the assignee.

Whether the term "conveyance," as used in the Act of 1850 concerning Convey- ances, includes an assignment of a mortgage.—*Query.*

Under the Act of 1850 concerning Conveyances, the recording of a conveyance is constructive notice to none except subsequent purchasers and mortgagees. The words " shall impart notice to all persons of the contents thereof," in the twenty-fifth section, are controlled by the provision immediately following in the same section, that "subsequent purchasers and mortgagees shall be deemed to purchase with notice."

APPEAL from the Twelfth Judicial District.

. This action is brought by James McCabe against Cyril V. Grey and his wife, and a subsequent mortgagee, to foreclose a mortgage executed by Grey and wife to one Corwin, the assignor of plaintiff, upon a lot in San Francisco, as security for the payment of $1,150 and interest due from Grey to said Corwin ; and the complaint asks for a sale of the mortgaged property, and a judgment against defendant Grey for any deficiency after application of the proceeds of the sale to payment of the demand.

The answer of C. Y. Grey sets up the transfer to him of the judgments mentioned in the Judge's findings copied below, and claims that their amount should be offset against the demand of plaintiff. The case was tried by the Court without a jury, and the following is a copy of that portion of the finding of facts by the Court material to the points involved on the appeal.

" That the defendants Cyril V. Grey and Sarah Maria Grey, his wife, duly executed and delivered to Joseph R. Corwin the mortgage described in the complaint and amended complaint in this cause, on the eighteenth day of April, A. D. 1859. And that said Cyril V. Grey and Sarah Maria Grey, his wife, on the twenty-sixth day of April, A. D. 1859, duly acknowledged the execution of said mortgage, and the said mortgage was duly recorded in the office of the County Recorder of said City and County of San Francisco, on the twenty-sixth day of July, A. D. 1859.

" That said Cyril V. Grey and his said wife were in possession of the lands described in said mortgage, at and before the date of said mortgage, and are yet in possession of the same.

" That afterwards, to wit: on the thirteenth day of August, A. D. 1859, the said Corwin did, for a valuable and sufficient consideration, execute under his hand and seal, in due form of law, and deliver to the said plaintiff, an assignment of the said mortgage last aforesaid, and all moneys due thereon, and that on the same day last aforesaid, the said Corwin duly acknowledged the execution of said assignment, and that said assignment was duly recorded on the twenty-fifth day of August, A. D. 1859, in said County Recorder's office, and that said plaintiff was, at the time of the com-

mencement of this suit, and still is, the owner of said mortgage last aforesaid, and entitled to the moneys due thereon.

" That on the twenty-sixth day of April, 1859, John E. Brophy and John H. Shermier commenced an action in the Twelfth District Court against Joseph R. Corwin, the assignor of the plaintiff, and on the twelfth day of August, 1859, an attachment was issued in said action, and by virtue thereof, on the thirteenth day of August, 1859, all moneys due or to become due by the defendant C. V. Grey to said Corwin were duly attached by the Sheriff of the City and County of San Francisco.

" That on the seventeenth day of September, a judgment was recovered in said suit against said Corwin, for the sum of $569, with interest at ten per cent. per annum, and sixty-six dollars costs ; and that on the thirteenth day of ·April, A. D. 1860, an execution was issued on said judgment, and by virtue thereof, the Sheriff of said city and county, on the thirteenth day of April, 1860, attached all moneys due or owing by C. V. Grey, (defendant) to said Joseph R. Corwin.

" That the garnishee process issued on the twelfth day of August, 1859, in the suit of *Brophy et al.* v. *Corwin et al.*, was served on the said Cyril V. Grey, at eleven o'clock A. M., on the thirteenth of August, 1869, after the execution of the assignment of said Corwin to said plaintiff of the said mortgage, etc., described in the complaint.

" That on the eleventh day of January, 1859, judgment was recovered in the Justice's Court of the Third District of the City and County of San Francisco, by J. F. Miller against the said Joseph R. Corwin, for the sum of $101.50 and interest, and nine dollars costs. And thereafter, on the thirteenth day of April, A. D. 1860, an execution was duly issued on said judgment, and by virtue thereof, on said thirteenth day of April, 1860, F. A. Shroder, Constable of the Second Township of said city and county, levied on all moneys·due by C. V. Grey to said Corwin.

" That the said judgments in favor of Miller, and of Brophy, and Shermier, were duly sold, assigned and transfered, on the twentieth day of April, 1860, to the defendant C. V. Grey.

" That the defendant Cyril V. Grey had no actual notice that.

McCabe *v.* Grey.

said Corwin had made any assignment of the indebtedness of said Grey to said Corwin, or of the mortgage to secure the same, until the sixteenth day of May, A. D. 1860, on which day he was notified of said assignment by the plaintiff in this suit.

" That there is due on the said mortgage so assigned to said plaintiff, the sum of eleven hundred and fifty dollars, principal, and two hundred and ninety dollars and thirty-seven cents interest thereon, up to this twenty-fourth day of December, A. D. 1860, making in all the sum of $1,440.37."

As conclusion of law, the Court found that the judgments assigned to defendant C. V. Grey could not be offset by him against the plaintiff's demand in this action, and plaintiff accordingly had judgment according to the prayer of his complaint, from which judgment defendants appeal.

*Sidney V. Smith*, for Appellant.

I. By force of the general rules of law, and of the statute of 1850 relative to bonds and due bills, and the Practice Act, the mortgagor Grey had the right to set off the judgments against the mortgagee acquired before notice of the assignment to plaintiff. (*Hubbard* v. *Turner*, 2 McLean, 534 ; *Clute* v. *Robinson*, 2 Johns R., 594, Laws of 1850, p. 332, sec. 5 of Practice Act.)

II. There is no law which authorizes assignments of mortgages to be recorded, and the record in this case was therefore a nullity.

III. If it be admitted, however, that an assignment of a mortgage may be legally recorded, still the record of it will not impart notice, except there be some law which authorizes it. There is not a word in the law of 1851 " concerning the office of County Recorder," which tends to give the record in those offices such an effect.

The only law which provides that those records shall impart notice, is found in the conveyancing act of 1850, sections twenty-four and twenty-five, as amended by the law of 1855 ; and these sections, it will be seen, only give the effect of imparting notice to a record of conveyances of real estate, and of instruments in writing setting forth an agreement to convey, or whereby real estate may be affected.

Section thirty-six of the conveyancing act declares that the word " conveyance " shall mean every instrument by which any real estate or interest in real estate is created, aliened, mortgaged or assigned, except, etc.

In no sense of the word is an assignment of a mortgage an instrument which affects real estate ; it affects only the mortgage which it assigns, and that is only personal property.    ( *McMillan* v. *Richards*, 9 Cal. 365 ; *Naglee* v. *Macy*, 9 Cal. 426.)

IV.   If, however, the Court shall be of opinion that the record does convey notice, then, under the decision in *Dennis* v. *Burritt*, (6 Cal. 670) it is only subsequent purchasers or incumbrancers who are affected by it.   The defendant Grey is neither the one nor the other, and therefore the record conveyed no notice to him.    ( *Call* v. *Hastings*, 3 Cal. 179.) ·

*McCabe* and *Fox*, for Respondents.

Appellant insists that there is no law for recording an assignment of a mortgage, and that hence the recording imparted no notice to Grey.

In answer to this we say, that in the " Act concerning Conveyances," passed April 16th, 1850, section thirty-six says :

" The term conveyance, as used in this Act, shall be construed to embrace every instrument in writing by which any real estate or interest in real estate is created, aliened, mortgaged, or assigned, except wills," etc., etc.

It follows, then, that an assignment is a " conveyance."

Section eighteen of said Act says that the certificate of acknowledgment, etc., " shall entitle such conveyance to be recorded," etc. Here is law for recording this " conveyance," to wit : assignment.

Section twenty-five of said Act says : " Every such ' conveyance,' or instrument of writing, acknowledged or proved and certified, and recorded in the manner prescribed in this Act, shall, from the time of filing the same with the Recorder for record, impart notice to all persons of the contents thereof," etc., etc.

These three sections, eighteen, twenty-five, and thirty-six, answer decisively appellant's objection.

II.   By a proper construction of the statute, the recording of a

conveyance imparts notice to all persons, and not merely to subsequent purchasers and mortgagees.

In *Dennis* v. *Burritt,* (6 Cal. 670) the only question necessary to be passed upon was, whether constructive notice was or was not sufficient to charge a party with fraud, etc. It is true, the Judge who wrote the opinion went further than required by the record, and expressed an opinion upon the construction of the twenty-fifth section of the conveyancing act; but this opinion is not authority, and the reasoning in support of it is most unsatisfactory. To say that because " subsequent purchasers and mortgagees shall be deemed to purchase with notice," therefore the filing, etc., shall not be notice, (when the statute, in the plainest possible language, says it shall be) is a species of reasoning which I admit I do not understand. Instead of saying, " the second subdivision *limits* the general words of the first part of the section," it had been more appropriate to have said· *annihilated,* for that is the effect of this *dictum* of the Chief Justice (if it has any effect). I think it evident that the Legislature intended exactly what they said—that the filing, etc., shall be notice, etc. If they did not mean it, why did they use that language ? they could have easily struck it out. *Stare decisis,* a principle which has led to more error than any other known to the law, based upon the decision of States whose statutes are materially different from ours, is evidently the mother of this erroneous *dictum.*

If the Court possesses the power to annihilate a portion of a statute, and it should be found necessary to do so with this Act—a thing I think wholly uncalled for—then I respectfully suggest that the second subdivision, instead of the first, should be set at nought :

1. Because by virtue of the terms of the first subdivision of the section, notice is imparted to all persons, by the filing for record, etc., and " subsequent purchasers and mortgagees " being included in the category (of " all persons ") are thus notified as fully as are any other persons ; and being thus notified, they would certainly be deemed to " purchase with notice " just as fully without as with the second subdivision.

2. Because thereby the manifest intention of the Legislature would be carried out, instead of defeated.

3. Because by any other construction the manifest intention of the Legislature is defeated, and a positive provision of a plain statute violated and set at nought, without any sufficient reason therefor.

4. Because gross injustice will be done to many of our citizens, if constructive notice cannot be given, as they had a right to suppose, by the terms of said first subdivision, it might be.

III. At common law there was no necessity for notice of the assignment. (*Robinson* v. *Weeks*, 1 Code Reports, [New Series] 311; *Davenport* v. *Ludlow*, 3 Code Reports, 66; *Countryman* v. *Boyer*, 2 Id. 4; 3 Hill, 228; 3 Howard, 386; *Morgan* v. *Lowe*, 5 Cal. 325; *Beckwith* v. *Union Bank of New York*, 5 Selden, 211.) And from the above authorities, there appears to be no necessity for this notice under the New York Code; and as our Code is almost a transcript of that of New York, we claim that there is no necessity for it here.

COPE, J. delivered the opinion of the Court—NORTON, J. concurring.

The defendant Grey, being indebted to one Corwin in the sum of eleven hundred and fifty dollars, executed to him a mortgage upon certain property in the city of San Francisco to secure its payment. The mortgage was executed on the eighteenth of April, 1859, and on the thirteenth of August, 1859, Corwin assigned the debt and mortgage to the plaintiff; and on the twenty-fifth of the same month the assignment was recorded in the office of the County Recorder. The suit is brought to recover the debt and to foreclose the mortgage, and Grey sets up certain judgments against Corwin as counter-claims, these judgments having been assigned to him on the twentieth of April, 1860. No actual notice had then been given of the assignment to the plaintiff, and the question is whether the judgments can be relied upon as counter-claims.

The fourth section of the Practice Act provides that "in the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense, existing at the time of or before notice of the assignment." This section merely adopts the rule which has always prevailed in equity

in such cases, and there is no doubt that the judgments are properly pleaded as counter-claims, unless the record of the assignment is to be regarded as imparting notice. The Act concerning Conveyances declares that the term " conveyance " shall be construed to embrace " every instrument in writing by which any real estate or interest in real estate is created, aliened, mortgaged or assigned," and it is possible that this provision is sufficiently broad to include an assignment of a mortgage. In the view we take of the matter, however, it is unnecessary to determine this point, as we are satisfied that the only effect of recording a conveyance is to impart notice to subsequent purchasers and mortgagees. It is true, the Act provides that a conveyance " certified and recorded," etc., " shall impart notice to all persons of the contents thereof; " but the effect of this language is controlled by the further provision that " subsequent purchasers and mortgagees shall be deemed to purchase with notice." The " persons " alluded to are persons acquiring interests as " purchasers or mortgagees," and it was not intended that the record should be notice to all the world, or even to purchasers and mortgagees in relation to other matters. It is notice so far as to protect the rights of the party claiming under the conveyance ; but beyond that it has no efficacy for any purpose, and is not notice, except as to subsequently acquired interests. This construction is in accordance with the opinion expressed in *Dennis* v. *Burritt*, (6 Cal. 670) in which case, however, no definite conclusion upon the subject was arrived at.

The result is that Grey was entitled to the benefit of the judgments, as counter-claims ; and the judgment of the Court below is reversed, and the cause remanded for a new trial.