JOHN R. IRVINE, Appellant, *vs.* LAWRENCE MEYERS & Co., Respondents.

### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The granting or refusal of an application for leave to propose a case after the time prescribed by statute has expired, is always within the discretion of the Court, and decisions thereon are not appealable. Nothing but an abuse of this discretion will justify the interference of this Court.

It is only in actions tried by jury that it is necessary for the Appellant to make a case. In actions tried by the Court or a Referee, this Court will review the question whether the facts found sustain the conclusions of law, upon the report of the Referee or finding of the Court, without a case embodying them. The statute provides for the preparation of a case within five days after trial before the Court or a Referee, and the trial in such cases must be continued or considered pending until the filing of the decision.

When a motion is once denied for any cause, technical or on the merits, the defeated party must obtain leave from the Court before he can renew it upon the same state of facts.

Plaintiffs sued Defendant and others in the Second District Court for goods sold. The Defendant alone answered. The case was referred to a referee, who reported for the Plaintiffs, and judgment was entered on the report. Sometime after judgment was entered, Defendant moved for leave to make a case, which motion was denied, Defendant having omitted to serve part of his moving papers. On the denial of the first motion no leave to renew was asked or granted. The Defendant afterwards made another motion for leave to make a case. Both motions were made before the Judge. On the second motion affidavits on both sides were read and the motion denied. The Defendant appealed.

Points and Authorities for Appellant.

I.—The statutes and rules of Court having made no provisions for the making and service of a case or bill of exceptions in actions tried before a referee, it is the duty of the Judge or Court below, upon application, whenever the testimony is necessary to a proper understanding of the errors alleged or assigned, to order a case or bill of exceptions, as the circumstances may demand, to be made and served within a reasona-

ble time after the trial. *Morrison vs. March*, 4 *Minn. R.*, 422 ; *Tremain vs. Rider*, 13 *How. Pr. R.*, 148 ; *Johnson vs. Whitbeck*, 12 *How. Pr. R.*, 574, *&c.*

II.—That upon an application for leave to make and serve a " case," the Court or Judge before whom it is made should only look to the fact, whether the testimony or a case is necessary to a proper understanding of the alleged errors, and if so, then such leave should be granted without regard to the character of the defence, as it is the right of all parties who feel themselves aggrieved, to have the errors which they allege to exist reviewed by the appellate court.

III.—That when a case or bill of exceptions is necessary to a proper understanding of the errors alleged, the Supreme Court, on appeal, and especially where application for leave to make and serve a case has been made below, will supply the refusal of the Judge or Court below by ordering a case to be made and served. *Morrison vs. March*, 4 *Minn.*, 422.

IV.—The referee erred in that the finding of facts are unsupported by the testimony, as there is no evidence to show that Lawrence Meyers and Philip Pike constituted the firm of Lawrence Meyers & Co.; or to show that the firm name of the Plaintiffs was Lawrence Meyers & Co., or that there was any such firm as Lawrence Meyers & Co., or even that the Plaintiffs constituted a firm in 1856, when their goods are alleged to have been purchased. 1 *Grah. N. T.*, 271 *and* 2.

V.—The referee erred in admitting the letter of B. F. Irvine & Co., addressed to Lawrence Meyers & Co., and in refusing to non-suit the Plaintiffs. *Grah. N. T.*, 279, *&c.*

Points and Authorities for Respondents.

I.—The order is not appealable.

(*a*) This is the order of the Judge, and not of the Court, and no appeal lies to this Court from the chamber order of a District Court Judge. An appeal is only allowed from a judgment, or order of the Court. *Comp. Stats. p.* 621, *sec.* 1. If a party is desirous of having the right of appeal, he must apply in the first instance to the Court.

(*b*) Even were it the order of the Court, it is not appealable.

It is not comprehended in any of the classes in which the appeal will lie. *Laws of* 1861, *p*. 133.

It does not involve the merits of the action or any part thereof. Moreover, that subdivision only applies to orders made before judgment. The only orders made after judgment which are appealable are specified in subdivision 6th.

This order is not comprehended under *sec*. 6 ; *King vs. Merchants' Exchange*, 1 *Selden*, 547, is a case precisely in point. 1 *Selden*, 547 ; *Wakeman vs. Rice*, 3 *Comstock*, 334.

The Court below having in its discretion denied his application, the order is not appealable. 1 *Selden*, 547.

II.—Even were the order appealable, it should be affirmed.

(*a*) It was *res judicata*, a similar motion having been previously denied, and without leave to renew. *Dollfus vs. French*, 5 *Hill*, 493, *and cases cited ; Willet vs. Hayerweather*, 1 *Barb.*, 72.

D. COOPER, Counsel for Appellant.

ALLIS & PECKHAM, Counsel for Respondents.

*By the Court*—FLANDRAU, J.—The time to serve the proposed case had expired, and the application for leave to serve a case after the prescribed time, was addressed to the favor of the Court, and was not based upon any right of the Defendant. The granting or refusal of such applications are always within the discretion of the Court, and such decisions are not appealable. 1 *Selden*, 547. The Court in that case held a motion for leave to file exceptions to the report of a referee after the statute time had expired, was addressed to the discretion of the Court, and an order denying it was not appealable. See also, 3 *Comst.*, 334. The motion did not differ from the ordinary application to file an answer, reply or any other paper, after the expiration of the time allowed by law. The Court may or may not grant the favor in his discretion, and nothing but an abuse of his discretion will justify the interference of this Court.

The Counsel for the Appellant seems to think that we have held in the case of *Morrison vs. March*, 4 *Minn.*, 422, that the statute requiring a bill of exceptions or case to be made within five days after the trial does not apply to a trial before the

Court or a referee. Such however is not the case. The question there, was, whether the Appellant must make a case in all appeals whether tried by jury, court or referee, and we held that it was necessary only in cases tried by jury. That in cases tried by the Court or a referee, we would review the question whether the facts found sustained the conclusions of law upon the report of the referee or finding of the court, without a case made embodying them. At pages 426-27, we say, "The counsel says that our statute makes it imperative that a case shall be made whenever an appeal is taken, and cites *Comp. Stats.*, *p.* 565, *sec.* 63. But it will be seen on a careful examination of this section that it only applies to cases tried by a jury, and not to a trial by the Court where the decision may be filed out of term as well as in term."

It is true that this section is so limited in its operation because of the peculiar language used. It says :

" The application for a cause mentioned in the fourth and fifth subdivisions of section fifty-nine, can only be made when notice thereof, oral or written, was given *in open court*, immediately after the verdict or other decision rendered," &c.

Of course, a trial before a referee or the Court does not suppose a decision in term, and prevents the possibility of giving notice in open Court as required by that section, immediately after the decision rendered, and must refer only to trials by jury. But the 60th section makes the proper provision for the case of a trial by the Court or a referee, and does provide for the preparation of a case within five days after the trial, and the trial in such cases must be continued or considered pending until the filing of the decision.

If the order was appealable, we have very little doubt about the correctness of the practice below. When a motion is once denied for any cause, technical or on the merits, the defeated party must obtain leave from the Court before he can renew it upon the same state of facts. The usual mode is to insert a clause in the order denying the first motion, that it shall be without prejudice to the motion being renewed. There is no pretence that the Court abused the discretionary powers reposed in him.

Appeal dismissed.