Goodrich & Terry, Plaintiffs, vs. Hopkins & Busy, Defendants, and J. W. Dresser, Garnishee.

*Section* 17, *page* 627, *Pub. Stat.*, so far as it requires eight days notice of a motion, does not have reference to orders to show cause.

The granting of an order to show cause why a motion should not be allowed, implies leave to renew the motion if it has been previously made.

In removing the default of a garnishee and permitting him to disclose, it is necessary to fix a time and place for his disclosure.

A person summoned as garnishee is not entitled to payment in advance of his fees for travel and attendance.

This action was commenced in the Steele County District Court. The garnishee was summoned to appear before the Judge of said Court at Owatonna, December 5, 1864, which was the first day of a general term; no fees were paid the garnishee, nor was their payment waived. The garnishee failed to appear, and the Judge ordered judgment against the garnishee for the amount of plaintiffs' demand against the defendant. On the 6th December, 1864, the garnishee appeared before the Court by his attorney, and moved the Court, upon affidavits excusing the default, &c., to set aside the same and allow him to disclose. The plaintiffs, by their attorney, opposing the motion, read counter affidavits. The motion was denied by the Court. On the 7th December, 1864, said garnishee obtained an order for the plaintiffs to show cause, before the Court on the 21st of said month, why said default should not be set aside, and said garnishee be allowed to disclose; which order required that the said order and the affidavits and papers upon which it was founded, should be served on plaintiffs' attorney at least six days before the day of hearing. The said order, &c., were served on the 7th day of December, 1864. At the hearing

substantially the same affidavits were used by both parties as upon the former motion. The Court ordered that the default be set aside, and the garnishee be allowed to disclose, but did not fix any time for such disclosure. The plaintiffs appeal from this order to this Court.

LA DUC & HALL for Appellants.

I.—The affidavits upon which the order to show cause is founded do not show any good special reason why a notice of motion of less than eight days should be given. *See Whittaker's Prac. Vol.* 1, *p.* 366, *3d Ed.; Voorhies' Code,* 602, *Note F; Comp. Stat.,* 627, *sec.* 17 ; *Laws* 1862, *p.* 68.

II.—This motion has been once heard and denied, and no leave has been given to renew it, and as all the material facts upon which the motion is founded are the same as upon which the former motion was founded, it cannot be heard again. *See Voorhies' Code,* 599, *Note L ; Minn. R., Vol.* 6, 558, *case of Irwin vs. Meyers; 3d Ed. Whittaker's Prac., Vol.* 1, 379.

III.—It is immaterial that it be claimed that this motion is founded upon a different statement of facts and containing new matter, for the new matter which will alone justify the renewal of a motion without leave, must be something which has happened, or for the first time come to the knowledge of the moving party since the decision of the former motion, and that fact should affirmatively appear upon the affidadits of the moving party. The applicant must disprove laches. 1 *Whittaker's Prac.,* 379 ; *4th Abbott,* 402 ; *Pattison vs. Bacon,* 21 *How.,* 478 ; 12 *Abbott,* 142 ; *How. N. Y. Code,* 620.

IV.—It does not appear but that all the facts upon which this motion is founded were known to the garnishee at the time the former motion was made. Therefore this being a motion to set aside a judgment, it cannot be repeated. 2 *Whittaker's Prac.,* 578 ; *Pattison vs. Bacon,* 21 *How.,* 478 ; 12 *Abbott,* 142.

V.—To sustain a motion to set aside a default the moving party must make the usual affidavits of merits. 2 *Whittaker's Practice,* 578.

VI.—It is not necessary to advance or prepay the fees of a garnishee in order that he may be duly summoned. *Laws* 1860, 246 ; *Comp. Stat.*, 673, *sec.* 3 ; *Id.*, 660, *sec.* 4.

VII.—In case the Court removes the default of the garnishee, it should be only on condition that he appear and disclose within a given time.

VIII.—The Court will not set aside a judgment obtained against a garnishee who fails to make a return after a copy of the writ and notice to make the return have been served upon him. 3 *Kinnis' Law Compend.*, 88 ; *Case of Durrant vs. Staggers*, 2 *N. & M.*, 480.

COLE & CASE for Respondent.

The purely technical objections, interposed to the motion, may be summarily disposed of.

I.—The power of the Judge of the 1st District to grant the order to show cause, and that it was exercised in due form, does not admit of question. *Chap.* 15, *Laws* 1862 ; *Chap.* 42, *Laws* 1863 ; *Chap.* 37, *Laws* 1860 ; *Marty vs. Abel*, 5 *Minn.*, 27.

II.—The authorities which hold that the affidavits must show a good special reason why a notice of less than eight days is requisite to uphold an order to show cause, are based upon an express and stringent rule of the Court of Common Pleas and Supreme Court of New York, and have no application here. *Rule 39, N. Y. Sup. Ct ;* 1 *Whittaker's Pr.*, (3d *Ed.*;) 346–351.

III.—As, however, the principal office of the order was in this case, as usually under our practice, to designate the time and place for hearing the motion, and was accompanied by a notice, and was in fact served more than eight days before the hearing,—the objection based solely upon the fact that the order permitted six days' notice instead of eight, is, we submit, somewhat beneath the dignity of this Court.

IV.—It is objected that the motion had been once heard and denied, and no leave had been given to renew it.

The authorities upon which this objection rests are also based

upon an express rule of the New York courts. *Mills vs. Thursby*, 15 *How.*, 114 ; 1 *Whittaker's Pr.*, *3d Ed.*, 379.

Our own rule is directly the reverse, and authorizes an application for an order to show cause, or a motion upon notice, to be renewed without leave. *Expressio unius est exclusio alterius. Rule* 15, *page* 14, 6 *Minn.*

But if the rule were otherwise it might be relaxed in the discretion of the Court, and this Court would refuse to review the exercise of that discretion upon appeal. *Chap.* 16, *Laws* 1862.

If consent were necessary, however, the granting the order to show cause, by the same judge who on the day before denied the motion, is an explicit consent to its renewal.

V.—But it is urged that leave can only be granted upon a new state of facts, which have come to the knowledge of the party since the decision of the previous motion. Admitting that our rule of Court were applicable to this case, the statement of the counsel is but a partial and one sided view of the law. While discovery of material facts may be one ground upon which leave is granted, another, equally common, is when the first motion is denied by reason of some defect in the moving papers, arising from ignorance of practice, &c., and which is corrected in the second application. *Dolphus vs. French*, 5 *Hill*, 494 *and Note; Sec.* 29, *page* 628, *Comp. Stat.*

This is precisely the case here. The first motion was denied because the affidavit stated merely that the garnishee did not owe the debtor sufficient to pay the judgment. It is obvious that the affidavit might have been true, and yet the garnishee might have been owing the defendant a sum only barely less than the judgment. It was what, in the language of pleading, is known as a *negative pregnant.* The affidavit upon the second application corrected this error by a new statement of facts, and made a full disclosure.

VI.—But it is said there should have been an affidavit of merits. It is difficult to perceive the meaning of this objection. A reference to the prescribed form for an affidavit of merits will show that it is entirely inapplicable to an application by a garnishee.

The affidavit actually presented disclosed the facts and all the facts, and is, we conceive, the best and only affidavit of merits applicable to the case.

VII.—But the application was addressed to the discretion of the Court and is not appealable. *Sec.* 13, *page* 249, *Laws* 1860 ; *Irwin vs. Myers*, 6 *Minn.*, 338.

. VIII.—The neglect to pay or tender the fees for his appearance to the garnishee, absolved him from all obligation to appear and disclose, and no legal judgment could be rendered against him by default. *Sec.* 3, *page* 246, *Laws* 1860; *Sec.* 3, *page* 675, *Comp. Stat.*

*By the Court*—BERRY, J.—With regard to the objection that the order to show cause improperly provided for notice of hearing of *not less than six days*, it is only necessary for us to say that *Sec.* 17, *page* 627, *Pub. Stat.*, so far as it requires eight days' notice of a motion, does not have reference to orders to show cause. That section authorizes the Judge to prescribe a *shorter time* by order to show cause, and in the absence of anything to the contrary, it is to be presumed that the order is made in a proper case and in the exercise of suitable discretion. *See Marty vs. Ahl*, 5 *Minn.*, 33.

It appears that a motion had been made on the 6th day of December, to remove the default of the garnishee and permit him to disclose, which was denied ; and it is insisted that the motion which was to be heard under the order to show cause was for the same purpose as the prior motion and based upon the same state of facts, and so could not properly be made without leave of renewal first obtained from the Court. This course of practice is laid down in *Irvine vs. Meyers & Co.*, 6 *Minn.*, 558. *Rule* 15, (*Dist. Ct. Rules*,) adopted subsequently to that decision, was referred to upon the argument on this point, but we think it has no application here. But even under the rule laid down in *Irvine vs. Meyers & Co.*, we have no hesitation in holding that the order to show cause was in itself sufficient leave to renew the motion for the removal of the default. The only object in requiring leave to

be given is that the Judge as well as the adverse party may not be harassed by repeated applications of the same nature for the same purpose and in the same action, unless for some satisfactory reason permission for a new hearing is granted. It is difficult to perceive why this object may not be attained as effectually by an order to show cause, as by formal and express leave. The granting of the order implies leave. The parties·being then properly brought before the Judge on the 20th day of December, the next question which presents itself is whether the action of the Judge is reviewable. It is true as is claimed by the respondent that the application was addressed in some degree at any rate to judicial discretion, the exercise of which will not be questioned unless abuse appears. There was some conflict in the affidavits in regard to the facts under which the default occurred, and in the use of proper discretion in determining the weight of evidence, we think the Judge might be warranted in removing the default, and so far we perceive no abuse of discretion. But *Sec.* 13, *page* 249, *Laws* 1860, provides that simultaneously with the removal of the default, the Court is to permit the garnishee "to appear and answer on such terms as may be just."

It was insisted at the hearing below that if the default were removed, a time should be fixed for disclosure. This we think should have been done. If it be not done the statute makes no provision for bringing the garnishee before the Court again to make his disclosure. And although it is possible that an ingenious practitioner might discover some way to accomplish this object, inasmuch as the matter was pressed upon the attention of the Court below at the time of the hearing, it was but just in fixing the terms upon which the default was to be removed, that a day and place should be set for the garnishee to appear and disclose, and that the plaintiff should not be put to the trouble of making another and special application to the Court for that purpose, even if that would be allowable or effectual. We do not think the pre-payment of fees to a garnishee is essential to bind him to appear. The statute does not expressly require pre-payment, and by *Secs.* 27 *and* 28, *Laws* 1860, *page* 247, it seems that whether he is to be

allowed fees or not is contingent, and that if he is adjudged chargeable he is to deduct them from the amount with which he is charged, and to be held accountable for the balance only.    These sections are clearly inconsistent with the requirement of pre-payment.    Some other points were raised on the argument which we deem unimportant.

We direct the order of the Court below to be modified, by fixing therein a time and place for the garnishee to appear and disclose, and remand this action for that purpose and for further proceedings thereupon.