[No. 6,478—In Bank.]

| 55 | 505 |
|-----|------|
| 123 | 160 |

## JONES *v.* CHALFANT.

SET-OFF—ASSIGNMENT.—Upon a motion by the defendant to set off against a judgment rendered against him, a judgment against the plaintiff assigned to him by another, he must show that he is the absolute and beneficial owner of the judgment, or he cannot set it off.

APPEAL from an order denying a motion of the defendant made after final judgment, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

*Geo. A. Nourse,* for Appellant.

*S. Rosenbaum,* for Respondent.

The COURT:

The opinion heretofore announced in this cause in Department No. 2, will stand as the opinion of the Court herein.

The order appealed from is affirmed.

The opinion of Department No. 2 referred to, is as follows:

Thornton, J.:

On the 17th of September, 1877, in the Nineteenth District Court, a verdict was rendered herein in favor of Jones against Chalfant for the sum of $1,217. Judgment does not appear to have been entered on this verdict until the 28th of January, 1878, when it was entered for the amount above mentioned, and for $345.35, cost of suit. Chalfant subsequently moved to set off against this judgment, a judgment recovered by one A. W. Hall against the plaintiff herein (Jones) on the 4th day of August, 1874, in the Seventh District Court, for the County of Mendocino, for the sum of $7,129.66 and $999.05 costs, which defendant (Chalfant) claims had been on the 28th of September, 1877, assigned to him by Hall. The motion came on to be heard on the 5th of April, 1878, at which time defendant read in support of it the judgment roll in the action of *Hall* v. *Jones*, above referred to. In this action it appeared that Hall recovered judgment against Jones for the sum stated above, on the day before mentioned. The defendant proved that there had been made by execution, and paid on this judgment, $788 on the 22nd of September, 1874, and $495.66 on the 12th day of March, 1875; that as to the remainder due on this judgment, executions had been returned unsatisfied. Defendant further read in evidence an assignment of this judgment by Hall to Chalfant, a notice of the assignment signed by Chalfant and directed to Jones, and an affidavit of a service of the notice on Jones. The assignment bears date the 28th of September, 1877, and the notice appears from the affidavit to have been served on Jones on the same day at 6 o'clock P. M. The plaintiff, Jones, offered in evidence his answer to the notice, a petition of Howe and Rosenbaum, his attorneys in this action, and an assignment of the judgment herein by him to Howe and Rosenbaum. This last named assignment bears date the 28th of September, 1877.

The answer, so styled, set up among other things, that Chalfant never in fact paid any consideration to Hall for the assignment made to him, and that he (Jones) was not the owner of the judgment when the assignment was made to Chalfant by Hall, having, on the 27th day of September, 1877, assigned it for value received to Howe and Rosenbaum.

The petition of Howe and Rosenbaum alleged that they are the attorneys of plaintiff in this action, and are the owners by assignment of the judgment herein made by Jones to them; that the assignment was made in consideration of moneys advanced, and an indebtedness to them by Jones for legal services in this case and others, which assignment was executed to them before they had any notice of the assignment of the judgment of *Hall* v. *Jones* to defendant. It is denied also in this petition that Chalfant paid anything for the assignment to him. On the 1st day of November, 1878, the Court below denied the motion, and from this order defendant appealed.

The ownership of the judgment by Chalfant was attacked by plaintiff. The assignee must show that he is really the absolute owner of the judgment, or he cannot set it off. (*Turner* v. *Satterlee*, 7 Cowen, 480; *Mason* v. *Knowlson*, 1 Hill, 218; *Meador* v. *Rhyne*, 11 Rich L. R. 631; *Aikin* v. *Satterlee*, 1 Paige, 288.) And further, there was evidence before the Court of an assignment by Jones to Howe and Rosenbaum.

Whether Chalfant had such an ownership of the judgment of *Hall* v. *Jones*, that he could legally use it as a set-off, and whether Jones had executed the assignment to Howe and Rosenbaum before the assignment to Chalfant was executed to him by Hall, involved questions of fact which the Court below was called on to decide. These questions were decided by that Court adversely to the claims of the appellant, and we see no error in the record which would justify this Court in reversing the order.

We are not satisfied upon the evidence appearing in the transcript, that the appellant was the absolute owner of the judgment recovered by Hall against Jones, and that he held the beneficial control of it.

MYRICK, J., and SHARPSTEIN, J., concurred.