[S. F. Nos. 862, 863.    Department Two.—December 24, 1898.]

ALFONZO HASKINS, Respondent, v. JAMES C. JORDAN,
Appellant.

SLANDER—FALSITY OF SCANDALOUS WORDS—PLEADING.—In an action of
slander, where words charging the defendant with a crime are
alleged in the complaint, an averment in the complaint that the
defendant spoke "the false and scandalous words following."
is a sufficient allegation of their falsity, as against a general
demurrer.

SETOFF OF JUDGMENTS—POWER OF COURT.—The power of a court to set off
one judgment against another exists independent of statute,
and rests upon the general jurisdiction of courts over their
suitors and processes.

ID.—LEGAL OR EQUITABLE RELIEF — RIGHT OF SUITOR. — In this state,
a litigant is entitled to such relief, legal or equitable, as his
showing justifies; and, without regard to any distinction be-
tween the powers of courts of law and equity as to the setoff
of judgments, in every case the suitor has the right to ask for
the setoff, and in every proper case, as of right, the motion
should be granted.

ID.—ASSIGNMENT OF THING IN ACTION—NOTICE—SUBJECTION TO SETOFF—UNSATISFIED JUDGMENT.—An unsatisfied judgment is a thing in action within the meaning of section 368 of the Code of Civil Procedure, which provides that "in case of an assignment of a thing in action, the action is without prejudice to any setoff or other defense existing at the time of or before notice to him of the assignment." The assignee of such a judgment takes it *cum onere*, subject to all right of setoff affecting it which the judgment debtor had or might acquire before notice to him of the assignment.

ID.—SETOFF BETWEEN ASSIGNEES.—A defendant who had acquired an existing judgment in favor of a third person against the plaintiff prior to the rendition of the plaintiff's judgment against him, and who had given notice of a motion to offset it against plaintiff's judgment, prior to notice of the assignment thereof to the plaintiff's attorney, is entitled to the setoff.

ID.—RIGHT OF APPEAL FROM JUDGMENT—CONSENT—EXECUTION UNSATISFIED.—The right of appeal from a judgment cannot be cut off by any offset thereof, but where the judgment for the plaintiff sought to be offset by another judgment against him purchased by the defendant was rendered by consent of the plaintiff, his right of appeal therefrom is gone, and if execution has been returned unsatisfied upon the other judgment and no appeal is pending, or appears to be proposed therefrom, the offset may be allowed.

ID.—PENDENCY OF APPEAL—RETENTION OF MOTION.—The pendency of an appeal at the time of the motion to offset the judgments is not ground for denial of the motion, but would be cause for the court's retaining the motion until the final decision upon the appeal.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion to offset judgments.   A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

Charles F. Hanlon, and O. F. Weldon, for Appellant.

John R. Aitken, and W. H. L. Barnes, for Respondent

HENSHAW, J.—The action was for slander, and plaintiff recovered.   Two appeals are before this court, the one (S. F. No. 863) from the judgment, the other (S. F. No. 862) from an order given after judgment.

1. Upon appeal from the judgment, the only contention argued is that the complaint fails to state a cause of action, in that

it nowhere avers that the words uttered and published of plain-
tiff by defendant were false.   The complaint alleged: "That
heretofore, on the twenty-sixth day of December, A. D. 1894,
the defendant spoke, in the hearing of C. C. Loomis, J. P. Mc-
Elroy, Thomas Crossman, and sundry other persons, of and con-
cerning the plaintiff, the false and scandalous words following,
to wit: 'Did you know that Haskins was an embezzler?'  'Why,
he is; he was arrested at San Diego and tried by jury, and only
escaped because the jury disagreed; the jury stood eight for con-
viction to four for acquittal.'  'He was arrested for stealing
tools.'  'Haskins is a thief, and I will put him where he be-
longs.' "

"Slander is a false and unprivileged publication other than
libel which charges any person with a crime," et cetera.   (Civ.
Code, sec. 46.)   That the words the publication of which was
charged against defendant were slanderous, if false, there can be
no doubt.   The averment that defendant spoke "the false and
scandalous words following" was a sufficient allegation of their
falsity to pass a general demurrer.   (*Amestoy v. Electric etc. Co.,*
95 Cal. 311; *Alexander v. McDow*, 108 Cal. 25.)

2. Judgment for plaintiff in this action was given upon May
15, 1896.   Defendant moved for a new trial, and the court
granted the motion, provided plaintiff did not within ten days
consent to a reduction of the judgment to three hundred dollars
and costs.   Defendant accepted the reduction, and judgment was
entered accordingly upon December 4, 1896.   Meanwhile one
Crossman had obtained a judgment against this plaintiff upon
January 13, 1896, for the sum of seven hundred and thirty dol-
lars and costs, and upon June 1, 1896, had assigned this judg-
ment to the defendant Jordan.   Upon June 9, 1896, Jordan
gave notice of the assignment to John R. Aitken, who was the
attorney for Crossman in the Crossman suit, and one of his at-
torneys in the present action, and he likewise moved the substi-
tution of himself as plaintiff in the place of Crossman in that liti-
gation.

On December 8, 1896, four days after the entry of the judg-
ment in this action, Jordan served notice upon plaintiff's attor-
neys of his motion to set off the judgment in the Crossman suit
against the judgment adverse to him in the present action.   Up-

on the hearing of the motion, Haskins' attorneys showed that their client had assigned to them his judgment in payment of professional services rendered; that the formal assignments were executed, one upon December 4, 1896, the day of the entry of the judgment, the other upon December 11, 1896, the day of the hearing of the motion. On behalf of Jordan were shown the facts above set forth, and, in addition, proof was made that no notice until the hearing of his motion was given to him of the fact that Haskins had assigned his judgment to his attorneys. It was further shown that the Crossman judgment was unsatisfied; that an execution upon it had been returned *nulla bona*, and that Haskins was insolvent. The court denied the motion to offset.

Jordan having acquired the Crossman judgment, there can be no doubt that the procedure which he adopted, that of going into the court which had rendered a judgment against him, and there seeking to offset the judgment assigned to him against the judgment adverse to him, was a regular and well-authorized course to pursue. The power to set off one judgment against another exists independent of statute, and rests upon the general jurisdiction of courts over their suitors and processes. (*Porter v. Liscom*, 22 Cal. 430; 83 Am. Dec. 76.) The regularity of such a proceeding was recognized in *Jones v. Chalfant*, 55 Cal. 505, and to the same proposition may be cited Freeman on Judgments, 4th ed., sec. 467 *et seq.*; 22 Am. & Eng. Ency. of Law, 445; *Chandler v. Drew*, 6 N. H. 469; 26 Am. Dec. 704. While the right to adjust the conflicting claims of its suitors in the mode indicated was originally exercised only by equity as an incident to its powers, courts of law later came to adopt the same procedure, and in this state, where in the same forum the litigant is entitled to such relief, legal or equitable, as his showing justifies, the particular distinction between the powers of courts of equity in this regard and courts of law ceases to be important. In every case the suitor has the right to ask for the setoff, and in every proper case as of right the motion should be granted.

Aside from the question of the sufficiency and finality of the Crossman judgment, a matter hereafter to be considered, appellant's right to urge that judgment as an offset in this action

cannot be successfully combated.    The whole matter is in this
state definitively set at rest by the requirements of the code.  Sec-
tion 368 of the Code of Civil Procedure is as follows:  "In case
of an assignment of a thing in action, the action by the as-
signee is without prejudice to any setoff, or other defense exist-
ing at the time of or before notice of the assignment."   A thing
in action is a right to recover money or other personal property
by a judicial proceeding.   (Civ. Code, sec. 953.)   Inherent in an
unsatisfied judgment is this right.   An action may be brought
upon it, or, if it be satisfied by execution levy and sale, the re-
covery of the money is still by a judicial proceeding.   When the
attorneys for Haskins accepted the assignment of his judgment,
they took it *cum onere*, subject to all the rights affecting that
judgment which Jordan had, or which he might acquire, before
notice to him of the assignment.   Of these rights is the valu-
able and universally recognized one—the right to acquire an ex-
isting judgment against the judgment creditor, and to present
it by motion in reduction or extinguishment of the judgment
debt.   This was precisely what Jordan did.   He acquired the
Crossman judgment long before he knew that Haskins had as-
signed the judgment against him.   More than that, his motion
to set off was served upon Haskins' attorneys before knowledge
of any such assignment made.   In *Porter v. Liscom, supra,* it is
said:   "A purchaser and assignee of a judgment, even for a val-
uable consideration and without notice, takes subject to a right
of setoff existing at the time of the assignment, for an assignee
takes subject to all equitable as well as legal defenses which can
be urged against the assignor.   And the fifth section of the
practice act recognizes the same principle."   The fifth section
of the practice act, to which reference is here made, is substan-
tially identical with the present section of the Code of Civil
Procedure, and both sections declare that the assignment shall
be without prejudice to the right of setoff until notice of the
assignment is given.   In *McCabe v. Gray,* 20 Cal. 515, the same
section is considered, and it is said to be merely an expression
of the rule which has always prevailed in equity.   In *St. Louis
Nat. Bank v. Gay,* 101 Cal. 286, the construction given is again
approved.   Whatever may be the rule as to notice in other

states, however much or little the courts may have permitted themselves to be influenced by equitable considerations in favor of the assignee, the fact remains that in this state there is no room for the exercise of discretion upon the question. The rule is one rigidly fixed by statute, and under it the right of the assignees of the Haskins judgment was subject to the right of the appellant to set off the Crossman judgment against it.

All this presupposes that the Crossman judgment was one of a nature so to be presented by way of setoff, but respondent insists that neither the judgment in *Crossman v. Haskins* nor the judgment in *Haskins v. Jordan* was final; that the time for appeal in either case had not expired; that both actions were pending, and that therefore the court could not set off one judgment against another, nor satisfy one judgment so as to cut off the right of appeal. That the right of appeal could not be cut off by any such satisfaction is true. (*Vermont Marble Co. v. Black,* 123 Cal. 21.) But it does not follow that because of this fact the motion for a setoff should have been denied. As to Haskins, the judgment in this case was entered with his consent. His right to appeal from it was therefore gone, nor could he be heard to complain because his judgment debtor sought to pay it, and to this extent treated it as a finality and binding upon him.

From the Crossman judgment no appeal was pending, nor had the execution of it been stayed. It was not even urged at the hearing that an appeal from this judgment was contemplated. Execution could have been issued upon it, and in fact had been issued. Under these circumstances it was a judgment which could properly be presented for setoff upon this motion. "Ordinarily, judgments may be set off whenever the executions issued upon such judgments could be legally set off one against the other by the officer who may have them in his hands for service" (Waterman on Setoff, sec. 339); and, even if an appeal had actually been taken from the Crossman judgment, and were pending at the time of the motion, it would not be ground for denial of the same, but would be cause for the court's retaining the motion until final decision upon the appeal. (*Irvine v. Myers,* 6 Minn. 558; *Terry v. Roberts,* 15 How. Pr. 65.)

The judgment appealed from is affirmed. The order appealed

from is reversed, with directions to the trial court to grant the motion to set off.

Temple, J., and McFarland, J., concurred.