[S. F. No. 6442. Department One.—June 24, 1915.]

FRANK R. MACHADO, Respondent, v. LUIS SOUZA BORGES, and H. A. GABRIEL, Appellants.

JUDGMENTS—SET-OFF—ASSIGNEE FOR VALUE AND WITHOUT NOTICE.— A plaintiff is entitled to have a judgment obtained by one of the defendants against himself, and assigned to the other defendant, set off against promissory notes made to plaintiff by the defendant obtaining the judgment, who is now insolvent, although the judgment was assigned for value and without notice of the existence of the promissory notes.

ID.—FAILURE TO SET OFF NOTES AGAINST DEMAND ON WHICH JUDGMENT IS BASED.—Failure of a defendant to set off promissory notes of plaintiff made to, and held by, himself, in an action upon a demand which did not arise out of the same transaction as the promissory notes, does not preclude such defendant from maintaining an action to have such promissory notes set off against the judgment obtained against him in the previous action.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

H. A. Gabriel, and O. D. Richardson, for Appellants.

S. G. Tompkins, and F. H. Bloomingdale, for Respondent.

SLOSS, J.—The defendants appeal from the judgment.

The findings disclose this state of facts: On May 1, 1907, the defendant Borges for a good and sufficient consideration made and delivered to the plaintiff his four promissory notes. Nothing has been paid on said notes and the sum of two thousand six hundred and forty dollars is due plaintiff for principal and interest thereon. On April 20, 1911, Borges obtained a judgment against plaintiff for $945.07 and costs. This judgment was on April 24, 1911, assigned by Borges to defendant Gabriel, his attorney, to secure Gabriel for attorney's fees and costs incurred and paid in the action in which the judgment was given. The fees and costs have not been paid. Gabriel, when he took the assignment, had no knowledge of plaintiff's claim against Borges. Borges is insolvent.

On these facts the court concluded that plaintiff was entitled to the relief asked by him, viz., that the judgment of Borges against him be offset against plaintiff's claim on the notes. Judgment was entered accordingly.

By a bill of exceptions it is made to appear that there had been personal service of summons on Machado in the action brought against him by Borges and that Machado did not in said action set up his demand on the four notes by counterclaim.

The judgment here assailed embodies the correct legal result of the facts found.

It is well settled that a court of equity will compel a set-off of mutual demands, where such relief is necessary to enable the party claiming the relief to collect his claim. (*Russell* v. *Conway*, 11 Cal. 93; *Hobbs* v. *Duff*, 23 Cal. 596.)

The insolvency of the party against whom the relief is sought affords sufficient ground for invoking this equitable remedy. (*Hobbs* v. *Duff*, 23 Cal., 626, 627.)

The fact that one of the cross-demands has been reduced to judgment, while the other has not, is no obstacle to the allowance of a set-off. (*Hobbs* v. *Duff*, 23 Cal., 624.)

Gabriel, the assignee of the Borges judgment, stands in no better position than his assignor, although he took the assignment for value and without knowledge of plaintiff's claim against Borges. (Code Civ. Proc., sec. 368.) "A purchaser and assignee of a judgment, even for a valuable consideration and without notice, takes subject to a right of set-off existing

at the time of the assignment, for an assignee takes subject to all equitable as well as legal defenses which can be urged against the assignor." (*Porter* v. *Liscom*, 22 Cal. 430, [83 Am. Dec. 76]; *Haskins* v. *Jordan*, 123 Cal. 157, [55 Pac. 786].)

Finally, the plaintiff is not precluded from asserting his right of set-off by his failure to set up his notes by way of counterclaim in the suit brought against him by Borges. The mutual demands did not arise out of the same transaction, and the cause of action on the notes was therefore not affected by the omission to make it the basis of a counterclaim. (Code Civ. Proc., secs. 438, 439.) The circumstance that the plaintiff might have so set it up does not affect his equitable right to seek a set-off in this action. (*Russell* v. *Conway*, 11 Cal. 93; *Hobbs* v. *Duff*, 23 Cal., 629.)

This brief discussion answers all the contentions made in support of the appeal. It will be seen that every question raised is settled in favor of the respondent by prior rulings of this court. We need not, therefore, undertake to review the numerous decisions from other states, cited by counsel in their briefs. It may be said, however, that the weight of authority elsewhere supports the conclusions which we have announced.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.