[S. F. No. 6904.   In Bank.—April 7, 1917.]

## DEL MONTE RANCH DAIRY (a Corporation), Appellant, v. J. S. BERNARDO, Respondent.

CONTRACT—SALE AND DELIVERY OF MILK—EVIDENCE—APPEAL.—In an action to recover damages for the breach of an alleged contract for the sale and delivery of milk, where the evidence is conflicting upon the question of the existence of the contract, the finding of the trial court will not be disturbed on appeal.

ID.—MEASURE OF DAMAGES—EXCLUSION OF EVIDENCE WITHOUT ERROR.— Where in such an action the nonexistence of the contract is found on conflicting evidence, the exclusion of evidence as to the measure of damages for the alleged breach is without error.

ID.—COUNTERCLAIM FOR MILK SOLD—EXISTENCE AT TIME OF ACTION— SUFFICIENCY OF PLEADING.—A counterclaim set up by the defendant in such action for milk sold and delivered is not insufficient by reason of the failure to allege that it existed at the time of the commencement of the action, as required by subdivision 2, section 438, of the Code of Civil Procedure, where it was averred that the milk was furnished within two years last past, the complaint being filed in July, the answer in December, and the transaction occurring in June, and there was no demurrer filed to the answer and the evidence as to the delivery of the milk and the price paid proven by plaintiff's witnesses without objection.

ID.—ASSIGNMENT OF CLAIM EMBRACED IN COUNTERCLAIM—EVIDENCE.— In such an action it is reversible error to refuse to allow the plaintiff to show on the cross-examination of the defendant that the claim upon which he relied in his counterclaim had been assigned to a third party, who, subsequent to the commencement of the action, had sued the plaintiff for the amount thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Robert P. Troy, for Appellant.

Randolph V. Whiting, for Respondent.

LAWLOR, J.—The appeal was ordered to be heard by this court after judgment in favor of the defendant by the dis-

trict court of appeal for the third appellate district. Upon considering the points made by the petitioner, we have adopted the following portion of the opinion:

"Plaintiff charges in its complaint that defendant, on or about April 4, 1910, entered into a contract with plaintiff whereby he 'agreed to furnish to said plaintiff, in the city and county of San Francisco, 360 gallons of pure milk on each and every day of the year immediately following said 4th day of April, 1910'; that, in accordance with said contract, defendant furnished plaintiff with 320 gallons of pure milk for a period of sixty-nine days commencing on the 4th day of April, 1910, and ending on the 12th day of June, 1910, and that ever since said last-named date defendant has failed, neglected and refused to deliver any milk to plaintiff, though frequently called upon so to do; that plaintiff has performed its part of said agreement; that plaintiff is engaged in the business of selling and delivering milk at retail in said city and county and, by reason of the said failure of defendant, has been unable to supply its customers with milk and 'has suffered loss to the extent of $5,000.00 which said sum is due and owing and unpaid from defendant.' A general demurrer was overruled and defendant answered the complaint denying 'generally and specially, all and singular each and every allegation therein contained,' and for a 'further and separate defense and counterclaim,' alleged that within two years last past plaintiff became indebted to defendant in the sum of $669.76 'for goods, wares and merchandise sold and delivered to said plaintiff by said defendant, at said plaintiff's special instance and request, for which said goods said plaintiff agreed to pay said defendant the said sum of $669.76; that though demand therefor has been made, said plaintiff has refused, failed and neglected to pay said amount to defendant, and the whole thereof is now due, owing and unpaid to defendant.' Defendant prays judgment for said amount.

"The cause was tried by the court without a jury. The court found as facts: 'That it is not true that defendant entered into the contract as alleged in the complaint; that it is not true that plaintiff has been damaged in the sum of $5,000.00 or any other sum by reason of any failure of defendant to furnish plaintiff with milk; that plaintiff is indebted to defendant in the sum of $669.76 for milk sold and delivered to plaintiff, at plaintiff's special instance and re-

quest, between the first day of June, 1910, and the 15th day of June, 1910'; that said sum of $669.76 has not been paid and the whole thereof is now due, owing and unpaid 'from *defendant to plaintiff.'* (Sic.)

"As conclusion of law the court found that defendant is entitled to judgment against plaintiff for the sum of $669.76 and his costs of suit. Judgment was accordingly entered.

"Plaintiff appeals from the judgment and from the order denying its motion for a new trial on bill of exceptions.

"Upon the question of the existence of the contract as alleged in the complaint, the evidence is conflicting. There was evidence sustaining the finding which, under the familiar rule, we are not at liberty to disturb. There was evidence that the parties entered into an oral agreement by which defendant was to furnish plaintiff with milk to June 1, 1910, at an agreed price and that all milk delivered to that date had been paid for; there was evidence that after June 1st the price was to be the going market value, but that the agreement was temporary and for no stated period. Witness Kelly, secretary of plaintiff corporation, testified: 'Mr. Bernardo was supplying that milk at sixteen cents per gallon after the first of June,' and again: 'I received thirty-two (32) tanks of ten gallons of milk each during the time we received milk from Mr. Bernardo. We received these thirty-two tanks up to the 13th or 14th of June.' Elsewhere he testified: 'Mr. Bernardo sent his last consignment of milk to us on the 13th of June.' The complaint alleges that defendant delivered milk for 69 days from April 4, 1910, which would imply delivery in June to nearly the 13th day.

"Appellant claims that the evidence is insufficient to support the finding of the court that plaintiff is indebted to defendant in the sum of $669.76 for milk sold and delivered by defendant to plaintiff. The evidence might and perhaps should have been more specific, but such as it was went to the court uncontradicted and was, we think, sufficient to establish a sale to defendant of 320 gallons of milk per day, at the rate of 16 cents per gallon, for 13 days—the last consignment being on June 13th, amounting in all, as we figure it, to $665.60 instead of $669.76.

"Appellant makes the point that the averments in the answer fail to state that the counterclaim was 'existing at the commencement of the action,' as required by subdivision 2,

section 438, of the Code of Civil Procedure. The averment was that the milk was furnished within two years last past. The complaint was filed July 11, 1910, and the answer December 19, 1910, and the evidence was that the transaction occurred in June, 1910. There was no demurrer to the answer, and the evidence as to the delivery of the milk and the price to be paid came from plaintiff's witness without objection. Whether viewed strictly as a counterclaim or as a common count by way of answer alone, as plaintiff claims it is, we think under the circumstances shown it was sufficient as a basis for the finding and judgment.

"Appellant makes the further point that the findings are contradictory, the last finding having stated that the amount 'is now due, owing and unpaid from *defendant to plaintiff*.' The findings show very clearly that this is a mere clerical error. . . .

"Appellant reserved exceptions to a large number of rulings on the admission or refusal to admit certain testimony. Substantially all these rulings related to the measure of damages and had reference to plaintiff's claim for damages arising out of defendant's breach of the alleged contract. The court found against plaintiff on the contract set out in the complaint. The question, therefore, as to the true measure of damages, had the contract as alleged been established, became immaterial. No such contract having been entered into, as the court found, there were no damages to be measured. . . ."

It is claimed by the plaintiff that prejudicial error was committed by the trial court in rejecting its offer to prove that the defendant had assigned the claim constituting the counterclaim to one D. A. Curtin, who, subsequent to the commencement of this action, had sued the plaintiff for the amount thereof. It was because of this matter that the order of transfer was made. The defendant appeared as a witness in his own behalf and gave testimony tending to establish his counterclaim. On cross-examination, the plaintiff propounded several questions seeking to elicit that the assignment had been made to Curtin, to which the objection that it was not proper cross-examination was, in each instance, sustained. The offer of plaintiff was thus stated: ".I offer to prove that . . . this witness sold and assigned and transferred a claim against the plaintiff in this action to Mr. Curtin, and that this witness is now attempting to recover in this

action as a counterclaim against the plaintiff the very claim that under the oath of Mr. Curtin it appears was sold to Mr. Curtin.'' The refusal to allow this line of proof was clearly error, for it was proper, in response to the testimony of the defendant tending to establish his counterclaim, to cross-examine him as to whether he had parted with the claim. The inquiry was material to the issues and proper cross-examination. The assignment was referred to during the trial, and, touching the identity of the counterclaim with the claim sued upon by Curtin, this occurred between the court and counsel for defendant: "The Court: You admit that the claim is the same? Counsel: Yes, it is an assignment which we will offer in evidence later." But the assignment was not offered in evidence, and, as we have seen, the plaintiff was not permitted to elicit proof concerning it.

The record plainly shows that enough was elicited by one statement of defendant, and the admissions of his counsel, to indicate that an assignment of the claim had in fact been made by the defendant to Curtin. It is true that in the same connection defendant said substantially that the assignment was only for purposes of collection, but if it was absolute in terms, was in fact an absolute assignment, even though the unexpressed purpose was to obtain collection, it of course transferred the claim and left defendant without any right of action thereon against plaintiff. Clearly, therefore, the plaintiff should have been permitted to show all the facts in this connection, as it endeavored to do. It must be kept in mind, too, that Curtin had commenced an action against plaintiff on this very claim, and that such action was pending and was in fact being tried at the same time before the same judge, and with a stipulation that the evidence in one case might be considered as evidence in the other. But it is not shown that the cases were actually consolidated. Nor does it appear in the record what disposition was made of the Curtin case by the lower court, or what, if anything, has since become of that case. It seems clear that if the evidence actually introduced sufficiently showed an absolute assignment, the finding of indebtedness to defendant is not sustained by the evidence; and that if it does not show such an assignment, the court erred to the substantial prejudice of plaintiff in refusing to allow the showing in that behalf attempted to be made. In either event there must be a reversal as to the alleged counterclaim.

It is conceivable that on a new trial such a state of facts may be developed as will warrant a recovery by defendant, but as to that, of course, we cannot now express any opinion.

The judgment is reversed, as is the order denying a motion for a new trial, in so far as the issues made in regard to the counterclaim are concerned. In all other respects the order denying a new trial is affirmed, and the cause is remanded with directions to the trial court, after all issues regarding the counterclaim are determined, to enter judgment in favor of defendant on the cause of action set up in the complaint, upon the findings already made in regard thereto, and such judgment in regard to the matters set up in defendant's counterclaim as it may conclude to be proper in view of the showing made on the new trial.

Shaw, J., Sloss, J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.