[L. A. No. 6947. In Bank.—March 1, 1923.]

## J. R. MORRISON, Appellant, v. OSCAR VEACH, Respondent.

[1] CLAIM AND DELIVERY—CONDITIONAL SALE CONTRACT—AUTOMOBILE— FORFEITURE — FINDINGS — EVIDENCE. — In this action in claim and delivery to recover an automobile held by defendant under a conditional sale contract, the evidence does not support the finding that there was no forfeiture by defendant of his rights under the contract, entitling the plaintiff to maintain the action.

---

[2] ID.—CONTRACTS—DEI'AULT—KNOWLEDGE—WAIVER.—There can be no waiver of a default unless the party against whom the waiver is claimed had knowledge of the default.

[3] ID. — ASSIGNMENT OF CONTRACT — PARTIES. — Under an assignment of a conditional sale contract for the sale of an automobile, together with all rights thereunder, for the purpose of recovery, the assignee is the legal owner of a cause of action to recover the automobile, based on a default of the purchaser, and is the proper party plaintiff in an action in claim and delivery to recover the automobile, the assignor retaining an equitable interest in the thing assigned.

APPEAL from a judgment of the Superior Court of Imperial County. M. W. Conkling, Judge. Reversed.

The facts are stated in the opinion of the court.

Andrew J. Copp, Jr., and J. Stewart Ross for Appellant.

J. E. Simpson for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of defendant Oscar Veach in an action of claim and delivery.

Said defendant purchased an automobile under a conditional contract of sale, binding him to the performance of certain covenants, including payment of a balance of the purchase price in monthly installments. The vendor, upon the execution of the contract, assigned it to the Pacific Finance Corporation (hereafter referred to as the corporation), which later, after its alleged breach, assigned it to the plaintiff, who thereafter commenced the present action in claim and delivery, under which he took possession of the car. Judgment went for the defendant for the return of the automobile, and, in case delivery could not be had, then for its value fixed at $550, together with damages for the detention thereof in the sum of $400 and costs.

[1] The chief question to be decided is, Does the evidence support the finding that there was no forfeiture by defendant of his rights under the contract, entitling the plaintiff to maintain this action?

The contract under which the automobile was sold provided for the payment of $316.67 upon the signing of the

contract, and a balance of $541.10 in monthly installments of $54.11, commencing on the first day of June, 1920. It further provided that if the buyer failed to pay any of said installments when due, the seller, at his option, and without notice to the buyer, might elect to declare the whole balance of the purchase price immediately due and payable, or the seller might declare the rights of the buyer under the contract forfeited, and, without demand, immediately take possession of the car and hold the same discharged from further liability under the contract. Title to the automobile was to remain in the seller until the covenants of the contract on the part of the buyer were fully performed, and time was declared to be of the essence of the contract. That instrument also imposed upon the buyer certain collection charges if any installment was not paid when due, and an attorney's fee under specified circumstances.

An installment of the purchase price falling due on September 1, 1920, not having been paid, the corporation on the 8th of the month wrote to the defendant, calling his attention to the fact, and stating that a "collection fee of $1 on payment delinquent over seven days makes the total amount due on this installment $55.11," and advised him that unless the amount so due was paid within four days from the date of the letter, it would elect to bring suit immediately for the entire balance remaining unpaid, "or retake possession of said property . . . and all your rights under said contract will be terminated." Receiving no reply to this communication, the corporation on the fifteenth day of September wrote to the defendant demanding possession of the car. Three days later the corporation assigned the contract to the plaintiff for the purpose of collection. The plaintiff thereupon employed counsel, who later prepared and filed the complaint in this action, procured a surety company claim and delivery bond at an expense of $10 for premium, and paid certain notarial fees in connection with the suit. On September 22 the corporation received from the defendant a check for $55.11, on which was written the notation "Sept. payment on car contract." On the same day counsel for plaintiff wrote defendant a letter, reciting the expenditures and occurrences we have detailed, and acknowledging receipt of the check. The letter also contained

the following: "Your check does not cover the various items of your indebtedness for the September installment in the event the Pacific Finance Corporation would waive its remedy taken on the 16th inst., and if it is your desire to avail yourself of such waiver, will you please send your additional check for $28.50, upon receipt of which both checks will be deposited for collection. In the event of collection the proposed action will be abandoned." The letter stated that the items making up the demanded sum of $28.50 were "Attorneys fees $25.00, provided by section 9 of the contract; replevin bond $2.50, two notarial acknowledgments at 50 cents, $1.00." The communication closed with the statement that if the sum of $28.50 were not received within three days the check for $55.11 would be returned to the defendant and the action would proceed. Under date of September 23d defendant mailed his check for $28.50 to counsel for plaintiff, and the two checks were immediately deposited for collection. The check for $55.11 was duly honored, but the check for $28.50 was not, because of the fact that defendant had not sufficient funds in the bank to meet it. Before the dishonor of this check was brought to the notice of plaintiff, the installment of $54.11 payable on October 1st fell due. On October 4th the corporation wrote to defendant, calling his attention to this new delinquency, and asking that the amount be remitted. On October 8th, the payment still not having been made, the corporation in writing notified the defendant that unless the amount, with a collection fee of $1.08 added, being the total amount of $55.19, were paid within four days the corporation would elect to bring suit for all unpaid installments or to retake the car, etc. Under date of October 14th defendant remitted to the corporation check for the last-mentioned amount. It was not until after these notices were mailed that either the plaintiff or the corporation learned of the dishonor of the check for $28.50. The check for the October payment was not presented for payment, and it, with the dishonored check, was returned to the defendant at the trial.

The findings of the trial court appear to have been based upon the theory that the $25 attorney's fee going to make up the charge of $28.50 demanded by the plaintiff was not warranted under the terms of the contract. We think this

position is untenable, but in any event the question of the attorney's fee is immaterial in this case, since the defendant on September 13, 1920, was admittedly in default, and the corporation, as it had an undoubted right to do, elected to terminate the contract and to retake the car, and notified the buyer of such election. This had the legal effect to terminate all of the defendant's rights in the car. The plaintiff's offer of September 22d to waive its remedy and to revive the contract on condition that the defendant should within three days pay $55.11, plus $28.50, was not availed of by him; hence the remedy was not waived, and the contract which was terminated was not revived. The corporation having lawfully terminated the contract, and elected to retake possession of the car, thereby became the owner thereof, freed from any obligation under the contract, and had a right to dictate the conditions upon which the contract would be revived. These conditions, as we have seen, were not complied with.

The suggestion that by giving the two notices respecting the nonpayment of the October installment, thus treating the contract as still in force, the corporation waived the accrued forfeiture, is not well founded. The uncontradicted evidence is to the effect that when these notices were sent the corporation did not know of the dishonor of the defendant's check, and in fact assumed that the defendant had accepted and complied with the terms on which it had offered to reinstate the contract. [2] It is elementary that there can be no waiver of a default unless the party against whom the waiver is claimed had knowledge of the default.

[3] There is no merit in the assertion that plaintiff is not the proper party plaintiff. The evidence shows without conflict that the corporation, prior to the commencement of the action, assigned the contract and all its rights thereunder to the plaintiff for the purpose of recovery. The assignee thus became the legal owner of the cause of action and was entitled to maintain the suit, the assignor retaining an equitable interest in the thing assigned. (*Barlow* v. *Lande*, 26 Cal. App. 424 [147 Pac. 231].)

Judgment reversed.

Myers, J., Lennon, J., Seawell, J., Lawlor, J., Wilbur, C. J., and Waste, J., concurred.