[L. A. Nos. 17675, 17706. In Bank. Aug. 3, 1942.]

R. E. HARRISON, Plaintiff; CHARLOTTE R. HARRISON, as Executrix, etc. (Substituted Plaintiff), Appellant, v. HENRY J. ADAMS et al., Respondents.

 

Luce, Forward, Lee & Kunzel for Appellant.

Dempster McKee for Respondents.

EDMONDS, J.—The judgment from which the plaintiff has appealed must be reversed if a chose in action, which has been assigned for collection, may be used by the assignee as a set-off against the judgment creditor of the assignee. The record in L. A. 17675 shows a notice of appeal from a portion of the judgment. Under a second notice of appeal from the whole of the same judgment, a transcript was filed under L. A. 17706. The two appeals have been consolidated, and following the death of R. E. Harrison, the appellant, the executrix of his estate, was substituted for him.

In a previous action, Henry J. Adams obtained a judgment against the plaintiff for $11,000. Harrison appealed, making a cash deposit with the county clerk to stay execution. Adams assigned the judgment to F. N. Meyers for the purpose of distributing its proceeds in accordance with a contract for attorneys' fees. Harrison was served with notice of this assignment.

Subsequently, Adams assigned his interest in the judgment to Verda Adams, his wife, giving notice to Meyers of the assignment. However, Harrison had no notice of the second assignment until after the present action was commenced.

Following these assignments, one Russell assigned to Harrison, for the purpose of collection, Adams' promissory note for $3,800 which was then due and payable. Later, the judgment against Harrison was affirmed. Harrison then commenced the present action, naming Adams and Meyers as defendants, to set off the amount due upon the note against the judgment obtained by Adams. At the time of filing it, Harrison secured an order restraining the clerk of the superior court from paying to Adams or Meyers any part of the money deposited by him in lieu of a bond on appeal. Subse-

quently, by stipulation, all of the deposit was paid to Meyers except $4,600, which is held pending the final determination of this action, and Verda Adams was substituted for Meyers as a party defendant.

These facts are undisputed. In connection with them, the trial court found that the assignment from Adams to his wife was for a valuable consideration and that Adams was insolvent both before and after the assignment. Judgment was rendered for Harrison against Adams for the amount of principal and interest on the note, approximately $4,600, with costs, and for Verda Adams against Harrison for her costs, directing the clerk to pay to her the amount of the deposit held by him.

Unquestionably the judgment against Henry J. Adams is proper, but, in view of Adams' insolvency, the question vital to the success of Harrison in realizing upon it is whether he can reach the interest of Verda Adams in the money held by the county clerk, or conversely, whether Verda Adams took her title subject to the rights of Harrison and Russell, his assignor, upon the note.

At the time of the assignments made by Adams, California had not enacted the Uniform Fraudulent Conveyance Act (Stats. 1939, p. 1667; Civ. Code §§ 3439.1-3439.12.) But many years before, this court held that a transfer of property without consideration by a person insolvent, or in contemplation of insolvency, is void as to creditors regardless of the intent of the debtor. (*Atkinson* v. *Western Development Syndicate*, 170 Cal. 503 [150 Pac. 360].) ■ However, Harrison cannot successfully challenge the assignment made to Verda Adams because his appeal is upon the judgment roll alone, and the finding that it was made for a valuable consideration must be presumed to have the support of substantial evidence to that effect.

■ Concerning the rights of the appellant to the money on deposit as against the assignee of the judgment for a valuable consideration, it is well settled that a court of equity will compel a set-off when mutual demands are held under such circumstances that one of them should be applied against the other and only the balance recovered. The insolvency of the party against whom the relief is sought affords sufficient ground for invoking this equitable principle. (*Machado* v. *Borges*, 170 Cal. 501 [150 Pac. 351]; *Coonan* v. *Loewenthal*, 147 Cal. 218 [81 Pac. 527, 109 Am. St. Rep. 128]; *Hobbs* v.

*Duff*, 23 Cal. 596; *Russell* v. *Conway*, 11 Cal. 93; *California Cotton Credit Corp.* v. *Superior Court*, 127 Cal. App. 472 [15 P. (2d) 1108]; *City Investment Co.* v. *Pringle*, 73 Cal. App. 782 [239 Pac. 302]; *Arp* v. *Blake*, 63 Cal. App. 362 [218 Pac. 773].) ▮ And a judgment debtor who has, by assignment or otherwise, become the owner of a judgment or claim against his judgment creditor, may go into the court in which the judgment against him was rendered and have his judgment offset against the first judgment. (*Machado* v. *Borges, supra*; *Coonan* v. *Loewenthal, supra*; *Haskins* v. *Jordan*, 123 Cal. 157 [55 Pac. 786]; *McBride* v. *Fallon*, 65 Cal. 301 [4 Pac. 17]; *Hobbs* v. *Duff, supra*; *Porter* v. *Liscom*, 22 Cal. 430 [83 Am. Dec. 76]; *Russell* v. *Conway, supra*; *Arp* v. *Blake, supra*; and see annotation in 121 A. L. R. 478-542.) The fact that the demand of the plaintiff has not been reduced to judgment is no obstacle to its allowance as a set-off against a judgment. (*Machado* v. *Borges, supra*.) Such a set-off may be compelled even against an assignee of the judgment who took without notice and for value. (*Machado* v. *Borges, supra; Coonan* v. *Loewenthal, supra; Haskins* v. *Jordan, supra; McBride* v. *Fallon, supra; Porter* v. *Liscom, supra; Cohen* v. *Bonnell*, 14 Cal. App. (2d) 38 [57 P. (2d) 1326]; *Bank of America* v. *Pacific Ready-Cut Homes, Inc.*, 122 Cal. App. 554 [10 P. (2d) 478]; *Arp* v. *Blake, supra*.)

It has also been held that under section 368 of the Code of Civil Procedure the debtor may set off claims against the creditor which were acquired after the assignment of the judgment to a third person but prior to notice to the debtor of the assignment. (*Arp* v. *Blake, supra;* and see *McKenney* v. *Ellsworth*, 165 Cal. 326 [132 Pac. 75]; *St. Louis Nat. Bank* v. *Gay*, 101 Cal. 286 [35 Pac. 876]; *McCabe* v. *Grey*, 20 Cal. 509.) ''Whatever may be the rule as to notice in other states, however much or little the courts may have permitted themselves to be influenced by equitable considerations in favor of the assignee, the fact remains that in this state there is no room for the exercise of discretion upon this question. The rule is one rigidly fixed by statute. . . .'' (*Haskins* v. *Jordan, supra*.)

▮ But the assignee must be the beneficial owner of the claim or judgment in order to use it as a set-off against a judgment against him. (*Jones* v. *Chalfant*, 55 Cal. 505; see cases collected in note, 121 A. L. R. 478, 523.) And mutuality is essential, that is, the judgments must be between the same

parties in the same right. (*Machado* v. *Borges, supra; Kaye* v. *Metz,* 186 Cal. 42 [198 Pac. 1047]; *Petersen* v. *Lyders,* 139 Cal. App. 303 [33 P. (2d) 1030]; *California Cotton Credit Corp.* v. *Superior Court, supra; Hobbs* v. *Duff, supra; Flynn* v. *Seale,* 2 Cal. App. 665 [84 Pac. 263]; and see cases collected in note, 121 A. L. R. 478, 514.) In determining whether demands are mutual, equity will look to the real parties in interest. Thus there may be a set-off of judgments where the real and beneficial owner of one of them is the debtor upon the other, although an assignee for collection is the nominal owner of the first judgment. (*Heine Piano Co.* v. *Bloomer,* 183 Cal. 398 [191 Pac. 900].)

An assignment for collection vests legal title in the assignee which is sufficient to enable him to maintain an action in his own name, but the assignor retains the equitable interest in the thing assigned. (*National Reserve Co.* v. *Metropolitan Trust Co.,* 17 Cal. (2d) 827 [112 P. (2d) 598]; *Morrison* v. *Veach,* 190 Cal. 507 [213 Pac. 945]; *Bechtel* v. *Baglieto,* 13 Cal. App. (2d) 495 [57 P. (2d) 192]; *Elam* v. *Arzaga,* 122 Cal. App. 742 [10 P. (2d) 805]; *Koepple* v. *Morrison,* 84 Cal. App. 137 [257 Pac. 590].) Such an assignee has been referred to as the trustee or agent of the assignor (*Weiner* v. *Luscombe,* 19 Cal. App. (2d) 668 [66 P. (2d) 151]; *Elam* v. *Arzaga, supra; Toby* v. *Oregon Pac. R. R. Co.,* 98 Cal. 490 [33 Pac. 550].), and a fiduciary relationship exists between them. (*Elam* v. *Arzaga, supra.*) If the assignee for collection should attempt to set off the assigned chose in action against his individual obligation, he would be violating the elementary rule of the law of trusts which forbids the trustee from using trust property for his private or individual purposes. (Civ. Code, § 2229; *Purdy* v. *Johnson,* 174 Cal. 521 [163 Pac. 893]; *Bermingham* v. *Wilcox,* 120 Cal. 467 [52 Pac. 822]; and see *Levy* v. *Drew,* 4 Cal. (2d) 456 [50 P. (2d) 435, 101 A. L. R. 1144].) Also, a trustee, or one bearing a similar fiduciary relationship, may not set off a claim due the trust estate against his own personal obligation. (*Hobbs* v. *Duff, supra; Estate of Hildebrandt,* 92 Cal. 433 [28 Pac. 486]; *Flynn* v. *Seale, supra;* see annotation in 121 A. L. R. 478, 517.) And to allow a judgment debtor to set off a claim assigned to him for collection would be violative of the rule requiring the mutuality of parties; it would, in effect, permit the collection of a debt due to a third party, in this case, Russell, against whom no corresponding right of set-off exists on the part of the judgment creditor.

The respondent urges, however, that where an equitable action for a set-off is being maintained because of the insolvency of the creditor, equity will allow a set-off, even though the demands be not mutual. But what equity exists in behalf of the judgment debtor when he seeks to collect, not his own claim, but a claim to which another is beneficially entitled? In the present action, Harrison must account to Russell for two-thirds of any amount he receives upon the note of Adams. Harrison does not own a separable interest in it and his beneficial interest is contingent upon collection. If the money held by the county clerk in connection with the case of *Adams* v. *Harrison* were owned by Adams, it might be subjected to the judgment rendered against Adams in the present action. But at the time the action was commenced, the money *in custodio legis* belonged to Verda Adams, and was therefore not subject to the judgment obtained by Harrison for the benefit of Adams.

The appellant contends that since the court in *Del Monte Ranch Dairy* v. *Bernardo,* 174 Cal. 757 [164 Pac. 628], held that an assignor for collection could not use the claim as a set-off after the assignment, the assignee must have that right or none exists. But that conclusion could only apply where the assignee claims the right to set off his assignor's demand against a debt owed by his assignor. In such a case to allow an assignee to set off, for the benefit of his assignor, the assignor's equitable right against the assignor's creditor would be consistent with the rule that, in determining whether claims are mutual for the purpose of set-off, equity will look to the real parties in interest. (*Hobbs* v. *Duff, supra; Heine Piano Co.* v. *Bloomer, supra.*) But the principles stated in the Del Monte Ranch case have no application to the present action, where there is no claim that Russell, the assignor for collection, has any right of set-off against Adams.

The appellant cites *Hammell* v. *Superior Court,* 217 Cal. 5 [17 P. (2d) 101], as determinative of the right of an assignee for collection to apply the assigned chose as a set-off against his personal obligation. In that case counsel advanced the argument that, inasmuch as the amounts sued for in the complaint were made up of several claims assigned to the plaintiff for collection, the superior court did not have jurisdiction because there were, in fact, separate plaintiffs. In rejecting the contention, the court held that, for the purposes of jurisdiction, since the plaintiff had the capacity to sue in his own

name and the aggregate amount demanded fell within the jurisdiction of the court, no further inquiry would be made into the character of the plaintiff's ownership. That decision is of course inapplicable to the present action where the character of the ownership of the claim upon which set-off is sought determines the rights of the parties.

Finally, says the appellant, it makes no difference to the judgment creditor whether the assignee is one for collection or holds both the legal and the equitable title; his only concern is that he should receive a full release from the debt. Such a holding would ignore the fundamental basis of equitable set-off, which is the right to balance mutual demands between the parties to the action, by allowing a stranger to collect his claim through a nominal party. Moreover, in the present case, this stranger is asserting rights against a bona fide purchaser for value.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., and Traynor, J., concurred.